Harry Andrew PRESTON, Petitioner
and Appellant,

v.

STATE of South Dakota, Appellee.

No. 14361.

Supreme Court of South Dakota.

Considered on Briefs April 19, 1984.

Decided Oct. 17, 1984.

Richard Braithwaite of Braithwaite Law Offices, Sioux Falls, for petitioner and appellant.

Douglas E. Kludt, Asst. Atty. Gen., Pierre, for appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

PER CURIAM.

After he appealed his rape and burglary convictions, appellant, represented by other counsel, brought this post-conviction relief proceeding, alleging that he was denied effective assistance of counsel because his trial counsel had failed to call one of his witnesses.[1] The trial court denied appellant's petition for post-conviction relief, and he appeals. We affirm.

At appellant's trial the victim testified that in the early morning hours of July 23, 1981, her apartment was broken into and she was raped by appellant, whom she recognized from his build, voice, hair, and profile as her former neighbor. The victim testified that as appellant drove away from her apartment after the rape, she looked at a clock and observed that it was 5:20 a.m.

Both appellant and his wife testified to his alibi. Their story was that at the time of the alleged rape appellant was at home, where they were having an argument. Appellant's wife testified that appellant had left the house at 5:30 a.m. Appellant testified that after leaving home he drove to a truck stop restaurant and then to Swiden's Appliance, his place of employment. Appellant's wife also admitted, however, that

1. Appellant's convictions were affirmed on direct appeal. *State v. Preston,* 331 N.W.2d 305 (S.D.1983). This post-conviction proceeding was brought prior to the repeal of SDCL ch. 23A–34.

later on the morning of July 23, when the police inquired as to appellant's whereabouts, she stated that appellant had left the house between 4:30–5:00 a.m. that morning. One police officer testified that she had actually told them that appellant had left between 4:00–4:30 a.m.

Appellant's employer, Alex Swiden, testified at the trial as a rebuttal witness for the state. He stated that he saw appellant at the store on the morning of July 23. After a dispute with appellant about some allegedly unpaid-for work, Swiden gave appellant five dollars and told him to leave. Swiden testified that appellant did not work that morning.

An acquaintance of appellant's wife, Donna Feucht, testified only at the post-conviction proceeding. She stated that she saw appellant's car at Swiden's about 10:00 a.m. on July 23. After Feucht picked up appellant's wife at home, they drove back to Swiden's. Although appellant was not there when the two arrived, he appeared sometime thereafter.

Appellant's sole contention is that he was denied the effective assistance of counsel because his trial counsel failed to call Feucht to attack Swiden's credibility. Appellant argues that Swiden's testimony that appellant had not worked on the morning of the rape was a "blockbuster" because it destroyed appellant's credibility by conflicting with his testimony that he had worked. Appellant claims it was essential that trial counsel call Feucht as a witness to rebut Swiden's testimony and rehabilitate appellant's credibility.

As we recently observed, a claim of ineffective assistance of counsel is reviewed in the light of a two-part standard: (1) an attorney is presumed competent, and (2) the party alleging incompetence has a heavy burden in establishing ineffective assistance. Moreover, our function is not to second-guess a trial attorney's tactical decisions nor to substitute our theoretical judgment for that of trial counsel. *Jones v. State*, 353 N.W.2d 781 (S.D.1984), and cases cited therein. *See also, e.g., Stacey v. State*, 349 N.W.2d 439 (S.D.1984); *High Elk v. State*, 344 N.W.2d 497 (S.D.1984); *State v. McBride*, 296 N.W.2d 551 (S.D. 1980).[2]

We conclude that when weighed against the above-cited standards, appellant's trial counsel's performance was not constitutionally deficient. His decision not to call Feucht as a witness was a reasonable exercise of trial strategy. Feucht's testimony focused on a time later than the rape and would have been corroborative only on a collateral issue, i.e., whether appellant worked during the morning of July 23. This issue arose only during the course of trial, when Swiden testified as a rebuttal witness for the state after appellant and his wife had testified. Moreover, during his testimony at the post-conviction hearing, appellant's trial counsel characterized Swiden as confused because he had actually testified about events that had occurred on some other morning, which Swiden apparently associated with a subsequent rape and assault for which appellant was arrested while he was out on bond on this offense. Finally, appellant and his attorney had discussed the focus of appellant's defense, which was to cast doubt upon the victim's weak identification of appellant and to assert the alibi that appellant was at his home arguing with his wife at the time the rape occurred.

Because Swiden already was an ineffective witness and any attempt to clarify his testimony not only would have had a minimal rehabilitative effect but would have run the risk of introducing the prejudicial matter of the subsequent rape and assault arrest, appellant's trial counsel exercised reasonable professional judgment in not calling Feucht as a witness. We therefore agree with the trial court's conclusion that

**2.** In *Jones, supra,* we observed that our standards for reviewing claims of ineffective assistance of counsel are in accord with, though more restrictive than, the United States Supreme Court's recent pronouncement in *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

appellant failed to establish his claim of ineffective assistance of counsel.

The order denying post-conviction relief is affirmed.

DUNN, Retired Justice, participating.

WUEST, Circuit Judge, acting as a Supreme Court Justice, not participating.